Mr. Abbs appeals a decision from the United States Court of Appeals for Veterans Claims which we believe relied upon a misinterpretation of the presumptions of service connection under 38 U.S.C. 105a and the presumption of soundness under 38 U.S.C. 111. Do we even get to the presumptions if what we have is a personality disorder which isn't acceptable? And that's precisely the issue in this appeal, Your Honor. The question is whether or not a VA regulation can negate the applicability of a statutory presumption. Specifically, the regulation at issue here is 38 CFR 3.303C. And the argument that you're making, Mr. Carpenter, I believe is the same argument Mr. Horan made to the CAVC in the celebrated Wynn case. Not exactly, Your Honor. Awfully close. Awfully close. Well, I guess I don't see it quite that way, Your Honor. The difference here… The regulation 3.303, right, which was then subsequently validated by our court in Terry, and in Terry we expressly blessed Wynn, right, closing that circle. That regulation resolves the clear and unmistakable proof issue when it comes to the question of a personality disorder. It does in relationship to the question of a personality disorder. However, the question under 105A is the incurrence of a disease or injury. A personality disorder is by definition not a disease or injury. What you have in this case is the data point that keeps you alive is the reference in earlier time to the mild depression, right? The mild depression and the condition that he suffers from post-service. But the mild depression was deemed as a matter of fact to be a symptom of his personality disorder. And we can't touch that fact-finding. Absolutely not, Your Honor. But the question then becomes is whether or not… And so how much – how can you make any yardage at all out of the mild depression fact, if you will, that's in the record? Because it's tied to the personality disorder, which through 3.303 is tied back to saying there's clear and unmistakable proof that he's had it forever. Like when he came into service. Because what that does is to read into the regulation language that is not in the regulation. What is in the regulation is a pre-service disability noted during service. Personality disorder was not determined to have existed prior to service. In order to do that, they would have had to have considered and applied the presumption of soundness under 1111. And found by clear and unmistakable evidence that there was a pre-existing disability from personality disorder. It says here, there are medical principles so universally recognized as to constitute fact, i.e. clear and unmistakable proof. And when in accordance with these principles, existence of a disability prior to service is established. It's established, Your Honor. And all that is established is that there was something noted during service that was identified during service as a personality disorder. The relevant question is, did he or did he not have it prior to service? There is no evidence in this record and there was no consideration of that question by the agency or by the board. And that's why it is critical. That's why some of the medical evidence in the record that came out after that initial reference to the mild depression in the personality disorder said that the doctors felt that he'd had this condition like forever. And a doctor's feeling that he had it forever does not constitute clear and unmistakable evidence to rebut the presumption of soundness that he did not have it upon entrance to service. If there's some evidence that the disability existed before service and the disability happens to be the personality disorder, then 3.303 says game's over. In terms of if it was a pre-existing disability and it was noted as a disability during service. It was not noted as a disability during service and specifically it was not noted during service as a pre-service disability. Well, that's the argument that was taken off the table by, I believe, by the earlier cases I cited by Terry and Wynn. And in those cases we were not dealing with the interaction of the two statutory presumptions of service connection under 105A and of soundness under 1111. How do you get to 105A? Because there is a psychiatric disease noted in service. Whether you describe it as symptoms of depression or you describe it as a personality disorder. If it's a symptom of a personality disorder, then it's just lost. It flies away in the wind. I disagree, Your Honor. It can't be compensated. The plain language of the VA's regulation is a pre-service disability noted during service. And no pre-service disability. Right, and the cases I've cited to you said pre-service disability has to be something that's compensable. That's already been decided by this court. And it's not a question of whether it's compensable. It's a question of what was noted during service. And what was noted during service is not what's required by the VA's own regulation. Let me ask you another question. I couldn't figure out where the rubber hit the road here. What effective date are we looking for here? What are you trying to establish? I mean, this case, he was turned down finally on two or three occasions, I believe, and then we got a new and material evidence leg up. Right. And are we dating from the date when he got his new and material evidence look back? That would be correct. Like 92 or 91? That would be correct. And what he's asking for is the benefit of the statutory presumptions under 105A and 1111 that what occurred during service is presumed to be a psychiatric disease and that based upon those presumptions that the VA had an obligation. Presumed to be a psychiatric disease even though, as a matter of fact, it has been found to be nothing more or less than a personality disorder. How do you get by that fact finding? Because that fact finding is inconsistent with what is required by the VA's own regulation. It isn't just a matter of personality disorder. No, the VA's regulation has been interpreted to say, if we're talking about 3.303, is that what we're talking about? That's correct. 3.303 has been finally interpreted to say that the mental disorder, personality disorder, is not a disease or injury that can be compensated. That's correct. So why on earth would you continue talking about a personality disorder because it's wasting the court's time and your time and your client's time because it can't be compensated for? If that were the case, Your Honor, then this case should never have been reopened. They found that there was new and material evidence based upon Now, Mr. Carpenter, with all due respect, you know as well as I do that after the celebrated case up here that dealt with new and material evidence, they just automatically kick them open. I mean, kick back. I'm sorry. That's not consistent with my experience. There is no automatic reopening situation. In terms of consent remands from the CAVC to the BVA when there's been a change in law. And they don't stop to look to see whether or not that's a waste of everybody's time. They just go ahead and do it. But, Your Honor, it's because there was new and material evidence because what he had post-service is major depressive disorder. But the same question you're asking is why on earth would we have remanded Terry when Terry revalidated the rule and said there's no compensation for what he has. Now, we sent it back to Terry just because there might be some collateral issue that he could raise. Like the collateral issues you're talking about, something happened in the hospital and he's entitled a little benefit from that. But, Your Honor, that's precisely the point of whether or not you can use a VA regulation that decides that a personality disorder is non-compensable by simply identifying in the record something was a personality disorder. Isn't there something in this record that says somebody was of the view that his personality disorder accompanied him when he entered the service? That his personality disorder predated his enlistment? I think there may be some post-service medication. Sure. I mean, this is all the new material evidence. This is what we're supposed to do is to gen up all this stuff to get the full record. But that's the whole point of the presumption of soundness, the presumption of soundness which has been taken away from him by this decision and by this regulation. The presumption of soundness disappeared, I do believe, based on the cases that I was talking to you about. But they can't, Your Honor, because they require clear and unmistakable evidence. There is no clear and unmistakable evidence in this record other than, as you mentioned, there is passing reference to the fact that it may exist. What does the regulation mean when it says, there are medical principles so universally recognized as to constitute fact, CRAM, clear and unmistakable proof. That's the language right out of your statute, right? Out of the regulation. No, that's the language out of the presumption of soundness. You rebut the presumption of soundness by clear and unmistakable proof, right? Yes. So by regulation, which we've said is valid, maybe we were wrong, but we said it was valid, looked to me like the Secretary is saying when you're talking about personality disorders, then a person has a personality disorder at point one in time, that person has had a personality disorder for a long time, and there's clear and unmistakable proof of that. But there's got to be clear and unmistakable proof of that. And what there has to be clear and unmistakable proof of in this case is, in order to make the regulation applicable, is a pre-service disability. There is no indication in this record at all that he ever suffered from a disability from a personality disorder. There is a suggestion that his personality disorder may have existed, but not that it was disabling. And there is a difference between having existed and being a disability. The regulation requires... Disabilities are not compensable. But... Injuries and diseases are, and you know that. No, I respectfully disagree. It is the disability that results from... When do you get disability in 1110 in the basic compensation statute? Don't you get compensated for a disease or an injury incurred in service? No, you get compensated for a disability, which results from a disease or injury. And what is referred to in 3.303C is a pre-service disability. And there is no evidence in this record that Mr. Abbs suffered from a disability from a personality disorder prior to service. And therefore, he is entitled to the presumption of soundness because there was no disability noted at service, and now they're simply saying that we get to waive the obligation that Congress imposed upon us. Well, what you're looking for is a remand where the secretary would have to come forward and show by clearing unmistakable evidence that Mr. Abbs' personality disorder predated enlistment. And in order for him... And was not aggravated during... And that it was disabling. Not merely that it existed, but that it was disabling. Because in order to trigger 3.303C, it has to be a pre-service disability noted during service. And neither of those things are in the record. Neither that it existed prior to service... No, what I'm trying to say is if he gets his hearing, if he gets his hearing on the presumption of soundness and the secretary comes forward and says, we've got all this evidence that says Mr. Abbs suffered from his personality disorder before he entered the service, and there's clear and convincing evidence, clear and unmistakable evidence to that effect, then his claim falls. Mr. Carpenter, you're well into your rebuttal time. Would you like to use it or regroup and save it? I'd like to save it, thank you. Mr. O'Connell. May it please the Court? Our view is that this case is either factual or involves legal issues that have already been resolved by the Court. Specifically, the case is governed by the holdings in Terry, in Dye, in the Veterans Court's opinion in Winn, which has been endorsed by this Court, and in 3.303C. Let's just go through what Mr. Carpenter is. He's got a client who entered the service with a clean record, right? And when you enter the service with a clean record, section 1111 says you're presumed to be sound, right? Yes. And what does it say about how you overcome the presumption of soundness? It has to be overcome. Let me just stop and say, let's assume that the presumption of soundness is not overcome. What are the consequences? Then the VA has to rebut the, if there's an issue as to whether, if the VA thinks that the. . . You get service connection. Right, you get service connection. You get 105A, right? I mean, if somebody comes up and they came into service, they're absolutely clean, they come in for a test of some sort and they've got mild depression, just for starters, right? And unless the secretary can prove by clear and unmistakable evidence that that condition existed before service, they're entitled to a service connection for it, right? If it's a disease or injury. Right. Well, I use mild depression on purpose because it is, right? Sure. Okay, so in this record, where is the evidence that the presumption of soundness was rebutted? Well, they didn't apply it correctly, so this court. . . They didn't apply. . . The secretary made no attempt, right, to bring forth clear and unmistakable evidence that the condition existed before service. I'm talking now about the mild depression. Well, the board's decision goes on for several pages about exactly what evidence was considered, and the medical evidence is extensive and it's all over the place. So there is a variety of evidence, and what the board had to do. . . Yeah, but did the board never made a finding that there was clear and unmistakable evidence that the condition preexisted service, right? The board did not make that determination, and that's correct under the court's holding in Dye. The court in Dye said that these presumptions are applicable in limited situations. The 105 presumption applies when the VA is contending that the disease or injury was incurred through misconduct, and the 1111 presumption applies if the VA is contending that the presumption actually existed before service. In Dye, the court said since the VA is not making that allegation, the presumptions are irrelevant. That exact same analysis governs this case. Well, is it your argument that where the person is diagnosed during service with a personality disorder, then the presumption of soundness in 1111 is simply automatically overcome? That's what the court said in Terry, automatically overcome. What the court said in Dye was slightly different, that the presumption is irrelevant. It's maybe a slightly different way of reaching the exact same result. What do you do with the record evidence of the mild depression? Mild depressions don't get overwhelmed by 3.303, right? Personality disorders do, but depressions don't. And that's the job of the board, to consider all of this psychological, psychiatric evidence. The board issued a detailed opinion stating the factual and legal basis for its findings. So you would assert, I assume, that the mild depression that was noted early on, was the first time it was really tested, that mild depression is a symptom of his personality disorder. It isn't a condition that has a separate ideology that is distinct and apart from the personality disorder. That's what I would conclude from the board's findings, in fact, yes. And because the mild depression was associated with or was the symptom of the personality disorder, then the mild depression is lumped in with the personality disorder as you push it back through the regulation in the case law. Is that what you think? Well, I would say what governs is what the diagnosis is, and if the diagnosis is a personality disorder since 3.03c specifically mentions personality disorder, yes, then we never get to the presumptions. But the subsequent analyses of this particular veteran show something considerably more dramatic than mild depression in terms of what would otherwise be a compensable mental illness. Isn't that correct? Well, it depends on which doctor you ask. The board went through the many medical opinions concerning Mr. Abt's conditions, and what the board found was that the opinions diagnosing Mr. Abt with a personality disorder were far more credible than the opinion of Mr. Abt's doctor, who said he had some kind of acquired psychiatric illness. And I can point you to the pages of the board's opinion, if you'd like, where the board makes three different factual findings going to the credibility of Mr. Abt's doctor.  It's credibility of factual witnesses that even if we weren't talking about a VA case, that the court wouldn't touch, most likely. So I would ask the court to affirm the Veterans Court. Thank you. Thank you, Mr. O'Connell. Mr. Koffinger has a little time for rebuttal. Thank you very much, Your Honor. This really boils down to whether or not a VA regulation can negate statutory presumptions, and the VA regulation requires specific determination. Right. You've got to realize that if we have held, in essence, that it can do it, then you should be talking to an in-bank court, not to a panel. I mean, when you take Dye and you lay Dye on top of Terry and you lay Terry on top of the VA case, if we reach the conclusion that the regulation has precisely the effect of negating 1.111 where the issue at hand is a personality disorder, right? But the issue in this case was presented as to whether or not there was an entitlement to the two presumptions in combination, the presumption of service connection for what was shown to have been present in service. Right, but that shown in service runs to the mild depression. That's correct. It does not run to the personality disorder. And if there's a fact finding that the mild depression comes from the personality disorder, it seems to me that your 105A argument collapses. But there wasn't even a personality disorder diagnosed during service. What was referenced in service was that... Now wait a second. When they said you got a personality disorder, that he was in service, wasn't he? But what they described it as was an emotionally unstable personality. They did not make a diagnosis of a personality disorder, and more particularly, they did not describe it as a disability. Had they said it was a disability, then they would have put it out of service. Let me look at the page of that. It's on page 128 of the record, right? Emotionally unstable? Yes. And it's my assertion that a reference in passing in a service medical record to emotionally unstable personality is neither a diagnosis of a personality disorder or a determination... Okay, if they say it didn't happen in the line of duty, where did it come from if it didn't happen in the line of duty? This condition he's got, it says line of duty, no, right? But, Your Honor, that's not the issue here. Well, his issue, if it wasn't incurred in the line of duty, meaning he had the condition, he had to bring it to the line of duty. But there's been no fact-finding made by the VA or by the board or relied upon by the court below that this was not incurred in the line of duty. What everybody has done here has led to a conclusion that because the word personality is used in a psychiatric record, it becomes a personality disorder, and therefore 3.303C is triggered. It says right here existed prior to service. He exists EPPS. That's right. That means existed prior to service. So there's a fact-finding right the first time he showed up with this unstable personality that keys it to when he came in. And that's all that it says, Your Honor. It does not say that a personality disorder existed prior to service or that this was a disability that was noted in service. They didn't characterize... You think unstable personalities are normal. I'm saying that unstable personality cannot, as a matter of law, equate to what is required by 3.303C for a pre-service disability from a personality disorder noted as such during service. Thank you very much, Your Honor. Thank you, Mr. Carpenter. We take the case under advisement.